**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4469**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

DAVID MURPHY, JR.,

    Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Margaret B. Seymour, District Judge.  (0:05-cr-01224-MBS-1)

Submitted:  April 29, 2009    Decided:  May 20, 2009

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark A. Redmond, REDMOND LAW FIRM, Charleston, South Carolina, for Appellant.  Jimmie Ewing, Assistant United States Attorney, Columbia, South Carolina, Christopher Todd Hagins, SOUTH CAROLINA LAW ENFORCEMENT DIVISION, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Murphy, Jr., appeals his conviction and 240-month sentence after pleading guilty pursuant to a plea agreement to possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). Murphy's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states there are no meritorious issues for appeal but raises several claims suggested by Murphy. Murphy filed a pro se supplemental brief challenging his sentence and the district court's refusal to appoint him new counsel. The Government declined to file a responsive brief. Finding no error, we affirm.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for review. The record confirms that the district court conducted a thorough Fed. R. Crim. P. 11 hearing, assuring that Murphy's plea was knowing and voluntary in all respects. Moreover, Murphy's claims pertaining to his Guidelines range calculation and the crack-to-powder cocaine sentencing disparity are immaterial because Murphy was sentenced to the statutory mandatory minimum sentence for his crime. See 21 U.S.C. §§ 841(b)(1)(A) (providing for a statutory mandatory minimum twenty-year sentence if the defendant possesses a prior conviction for a felony drug offense that has become final). Because it was

2

undisputed that Murphy possessed a prior felony drug conviction, and since there existed no basis on which the district court could depart from the mandatory minimum, we find that his 240-month sentence is per se reasonable. See United States v. Farrior, 535 F.3d 210, 224 (4th Cir.), cert. denied, 129 S. Ct. 743 (2008).

We also reject Murphy's contention that the district court erred when it refused to appoint him new counsel. While the Sixth Amendment affords a criminal defendant the counsel of his choosing, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." United States v. Gonzalez-Lopez, 548 U.S. 140, 144, 151 (2006). Because Murphy's objections pertaining to his attorney failed to establish a conflict that resulted in a "total lack of communication," United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004), we find that the district court did not abuse its discretion in denying his requests. Moreover, to the extent that Murphy's assertions could be construed as an attempt to assert ineffective assistance of counsel claims, his claims are not cognizable on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir.) (holding that an ineffective assistance of counsel claim is not cognizable on direct appeal "unless it conclusively appears from the record that defense counsel did

3

not provide effective representation") (internal citation omitted), cert. denied, 129 S. Ct. 490 (2008).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Murphy, in writing, of his right to petition the Supreme Court of the United States for further review. If Murphy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Murphy. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED